UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JOSEPH F. MANSFIELD, | ) | |
| | ) | |
| Plaintiff | ) | |
| v. | ) | No. 3:13-0228 |
| | ) | Judge Campbell/Brown |
| THE HOME DEPOT U.S.A., INC., | ) | Jury Demand |
| | ) | |
| Defendant | ) | |

**SECOND CASE MANAGEMENT CONFERENCE ORDER**

Pursuant to Local Rule 16.01(d)(2), the following Second Case Management Plan is **adopted**.

A. **JURISDICTION AND VENUE**: Plaintiff alleges that jurisdiction of this Court is based on diversity of citizenship under 28 U.S.C. § 1332(a), in that the parties are citizens of different states and the matter in controversy exceeds $75,000.00, exclusive of interest and costs. Plaintiff alleges that venue is proper in this Court because the acts of alleged negligence complained of in this action occurred in this judicial district. Defendant denies that jurisdiction is proper because the amount legitimately in controversy in this case does not exceed $75,000.00.

B. **BRIEF THEORIES OF THE PARTIES:**

1. **PLAINTIFF JOSEPH F. MANSFIELD.** On April 8, 2012, Plaintiff Joe Mansfield was a customer when he entered the Home Depot store located at 8101 Moore's Lane in Brentwood, Tennessee to purchase a power washer. Shortly after he entered the store, a large wooden board approximately 16 feet in length struck him on his shoulders and neck. The board was propped up near the entrance of the store. After he was struck, a store manager and other

1

employees of Home Depot came to check on his condition. One of the managers told Mr. Mansfield that he had instructed the store employees to not prop up large boards near the entrance because "someone was going to get hurt."

Mr. Mansfield was injured as a result of the negligence of Home Depot in allowing the board to remain propped up near the store entrance, and which created a dangerous condition. Mr. Mansfield was initially treated by Clyde Heflin, Jr., M.D., who referred him to Allen F. Anderson, M.D., for the right shoulder. Dr. Allen performed arthroscopic surgery to repair a large rotator cuff tear in the right shoulder on August 22, 2012. Mr. Mansfield had extensive physical therapy as a result of the shoulder injury. In addition, Edward Mackey, M.D. performed a cervical laminectomy in September 2013. Mr. Mansfield has incurred a significant amount of medical expenses as a result of the injuries. It is believed Mr. Mansfield will retain some degree of permanent impairment, restrictions and limitations as a result of the injuries. Mr. Mansfield also makes a claim for pain and suffering.

2. **DEFENDANT THE HOME DEPOT U.S.A., INC.**: On April 8, 2012, wind blew a piece of lightweight wood moulding into Plaintiff Joe Mansfield's shoulder near the entrance of the Home Depot store located at 8101 Moore's Lane in Brentwood, Tennessee. Home Depot employees offered to render aid to Plaintiff, who did not claim or appear to be in significant pain and did not request medical attention. Plaintiff resumed his shopping trip shortly thereafter.

Defendant denies any liability to Plaintiff in any amount. Plaintiff's alleged injuries and claimed damages were not proximately caused by Defendant or Defendant's employees, agents or representatives. Neither Defendant, nor its employees, agents, or representatives were

negligent, and may not be held liable for Plaintiff's alleged injuries and claimed damages. To the extent that Plaintiff is found to be 50% at fault or greater, Plaintiff shall have no recovery. To the extend that Plaintiff is found 49% at fault or less, any award to Plaintiff should be reduced accordingly.

**C.     ISSUES RESOLVED: None.**

**D.     ISSUES STILL IN DISPUTE:** Jurisdiction, liability and damages.

**E.     INITIAL DISCLOSURES:** The parties have exchanged initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1).

**F.     DISCOVERY:** The parties shall complete all written discovery and depose all fact witnesses on or before **Friday, April 18, 2014**. No motions concerning discovery are to be filed until after the parties have conferred in good faith, and conducted a telephone conference with the Magistrate Judge. The counsel requesting the conference call shall check with opposing counsel as to their availability before setting a time certain with the Magistrate Judge. Discovery motions are to be filed in accordance with the practice of the Magistrate Judge who will resolve any dispute.

**G.     MOTIONS TO AMEND:** Plaintiff intends to file a motion to amend the Complaint on or before **Monday, October 28, 2013**.

**H.     DISCLOSURE OF EXPERTS:**

1.     The party having the burden of proof on any issue shall disclose any expert witnesses on or before **February 1, 2014**.

2.     The opposing party shall disclose any expert witnesses on or before **March 4, 2014**.

**I.     DEPOSITION OF EXPERT WITNESSES:** The parties shall complete depositions of expert witnesses by **May 26, 2014**.

3

**J.    JOINT MEDIATION REPORT:**  The parties shall submit a joint mediation report on or before **May 29, 2014**.  A telephone conference with Magistrate Judge Brown to discuss alternative dispute resolution and case progress is set for **June 2, 2014, at 10:00 a.m.  To participate in the conference call, parties will call (615) 695-2851 at the scheduled time**.

**K.    DISPOSITIVE MOTIONS:**  The parties shall file all dispositive motions on or before **June 13, 2014**. Responses to dispositive motions shall be filed within **28 days** after service.  Briefs shall not exceed **25 pages** without leave of Court.  Optional replies, limited to **five pages**, shall be filed within **seven days** after service of the response.  If dispositive motions are filed early, the response and reply dates are moved up accordingly.

**L.    ELECTRONIC DISCOVERY:**  The parties have reached agreements on how to conduct electronic discovery. Thus, the default standard contained in Administrative Order No. 174 need not apply to this case.

**M.    ESTIMATED TRIAL TIME:**  The parties expect the trial to last approximately two to three days.  This action is set for jury trial on **Tuesday, October 21, 2014** (Docket Entry No. 21).  A pretrial conference shall be heard on **Friday, October 10, 2014**, **at 9:00 a.m.** before Judge Campbell. *Id*.

It is so **ORDERED**.

      /s/   Joe B. Brown
**JOE B. BROWN**
**United States Magistrate Judge**